IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS

**FILED**
U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS
MAR 2 2 2002 A.M.
_____ P.M.
CLERK, U.S. BANKRUPTCY COURT
BY: _____
DEPUTY

IN RE:  CHESTER NICHOLS        CASE NO:  02-10749
CHAPTER  7

REAFFIRMATION AGREEMENT

THIS AGREEMENT entered into on the ____ day of February, 2002, by RED RIVER EMPLOYEES FEDERAL CREDIT UNION, hereinafter referred to as the Creditor, and CHESTER NICHOLS, hereinafter referred to as the Debtor(s);

1. That the Debtor(s) filed a Petition in Bankruptcy Court for the Eastern District of Texas, case number 02-10749. That such action was filed under 11 U.S.C. Chapter 7.

2. That the Bankruptcy Petition lists a Retail Installment Contract and Security Agreement, which the Debtor(s) have with the Creditor, whereby the Creditor has a secured interest in a 1999 Ford Escort. That the balance due and owing on the Retail Installment Contract and Security Agreement is $5,304.25 ($5,282.76 Principal and $21.49 Interest and $0.00 Late Fees) as of the 5th day of February 2002, with interest accruing as set out in said Note. The initial monthly payments under said Retail Installment Contract and Security Agreement were in the amount of $218.61. Each installment was agreed to be applied first to the payment of interest due on the unpaid principal balance and the remainder of each installment was to be applied to the reduction of the principal.

3. Debtor(s) will retain the above-described property and the Creditor will continue having a secured interest as per the Retail Installment Contract and Security Agreement. Further, the debtor(s) will pay the Creditor the balance of the Note set forth above with interest accruing as per the terms of the Note. Further, it is agreed that the Creditor shall have all remedies in state courts upon the default of any payment of this note.

4. This Agreement is being made prior to the granting of the debtor's discharge in bankruptcy. Said Agreement shall become enforceable at the time the debtor(s) signs this Agreement.

5. It is understood by the parties to this Reaffirmation Agreement that the debt described above will not be discharged and that the debtor will remain liable under the terms of the Promissory Note

6. **RECISSION PERIOD - THE DEBTOR(S) MAY RESCIND THIS AGREEMENT BY GIVING NOTICE TO THE CREDITOR AT ANY TIME PRIOR TO THE DISHARGE HEARING OR SIXTY (60) DAYS AFTER THIS AGREEMENT HAS BEEN FILED WITH THE COURT, WHICHEVER DATE IS LATER. THE DEBTORS ACKNOWLEDGE THAT THIS AGREEMENT IS NOT REQUIRED UNDER THIS TITLE, UNDER NON-BANKRUPTCY LAW, OR UNDER ANY AGREEMENT NOT IN ACCORDANCE WITH THE PROVISIONS OF THIS SUBSECTION AS REQUIRED BY 11 U.S.C. 524 © (2) ©.**

IN WITNESS WHEREOF, the Debtor(s) and the Creditor have signed this Agreement as per the date of their acknowledgment.

Creditor: RED RIVER EMPLOYEES FEDERAL CREDIT UNION

By: _Amy Simons_
    Amy Simons

Debtor(s) _Chester Nichols_
          CHESTER NICHOLS

### DECLARATION OF ATTORNEY FOR DEBTORS

I, Michael B. Suffness, the attorney for Debtors in the above-captioned bankruptcy proceeding, declare that I represented the Debtor(s) during the negotiation of the foregoing Agreement and that said Agreement represents a fully informed and voluntary agreement by the Debtor(s) and that the Agreement does not impose an undue hardship on the Debtor(s) or a dependent of the Debtor(s). The Debtor(s) have been advised of the legal effect and consequences of the Reaffirmation Agreement and any default as required by 11 U.S.C. CS 524 © (2) ©.

DATED this the _18_ day of ~~February~~ March 2002.

_____
Michael B. Suffness, Attorney of Debtor(s)